Judge Owsley
delivered tho Opinion of the Court.
This case turns upon the correctness of the decision of the court below, in admitting as evidence to the jury, a deed introduced by lies, and which purports to have been made by Thomas Triplett, Daniel Conner, Wm. Hope and Joshua Philips, as trustees of the town of Ov/ingsville.
The deed appears to he in due. form, and to have been admitted to record in proper time, and was undoubtedly admissible evidence, if the persons by whom it was made possessed sufficient authority to convey the title to the, lot in contest. Rut to possess such authority, it was-necessary for Triplett, Couner, Hope and Philips, at the time of making the deed, not only to he trustees of the town, but to form a majority of the persons who were then trustees; for, by the general law upon the subject of towns, and under which the town of Qwingsville was established, after the town was established and its trustees appointed, the title of the lots became vested in the trustees, and less than a majority of the trustees are not authorised to convey the title. Judging, however, from the facts before the court, upon the application to exclude the deed from the jury, it is apparent, that it was made by less than a majority of the trustees. The county court appear *287 tó have made several orders upon the subject of trustees for the the town, and by adverting to them, it will be seen, that there were nine persons who bad been, before the date of the deed, appointed trustees, neither of whom is proved to have died, resigned, or in any way been removed, so that less than five were incompetent to convey the title of the lot.
Triplett for plaintiff; Mayes for defendant.
Tiie deed ought, therefore, to have been excluded from going in evidence to the'jury, and consequently, the judgment must be reversed, with cost, the cause remanded to the court below, and further proceedings there had, not inconsistent with this opinion.